UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RONALD CROOK,

                Plaintiff,

             -against-

P.O. CARLOS SANCHEZ, P.O. TODD, S.P.O. COTOV,
P.O. VALOY, NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION
DIVISION OF PAROLE, EDNY COUNSELING CENTER,
ARMOR CORRECTIONAL HEALTH SYSTEMS,
and NASSAU COUNTY JAIL,

                Defendants.
---------------------------------------------------------------X

ORDER
13-CV-328 (JFB)(SIL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  DEC 29 2014  ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On March 12, 2014, the Court adopted the Report and Recommendation of Magistrate Judge Wall in response to defendants' motion to dismiss, but granted plaintiff leave to re-plead the complaint. On October 3, 2014, the Court ordered plaintiff to submit a letter to the Court no later than November 3, 2014, explaining why his entire case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (*See* Docket Entry 59.) Since the date of that Order, plaintiff has filed neither an amended complaint nor a letter explaining his failure to do so. In fact, plaintiff has not corresponded with the Court in over a year. Accordingly, for the reasons set forth below, the Court dismisses plaintiff's complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v.*

1

*Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."). Moreover, it is well-settled that a district court "may act *sua sponte* to dismiss a suit for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Link*, 370 U.S. at 630); *see also Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart v. City of New York*, 992 F.2d 458,

461(2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Here, plaintiff has failed to file an amended complaint or otherwise communicate with the Court. Plaintiff received an Order warning him that the case would be dismissed with prejudice unless he contacted the Court. Despite this warning, plaintiff has shown no interest in continuing with this action. Under these circumstances, and in light of the Court's warning to plaintiff in the October 3, 2014 Order, no sanction less than dismissal with prejudice will alleviate the prejudice to defendants of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the instant case with prejudice.

In sum, dismissal for failure to prosecute is clearly warranted. This case is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

s/ Joseph F. Bianco

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: December 29, 2014
Central Islip, New York